SCHLESINGER v. MENDELSON et al.

(Supreme Court, Appellate Term.  June 29, 1911.)

COURTS (§ 189*)—MUNICIPAL COURT—CONTINUANCE—ABSENCE OF COUNSEL AND WITNESSES.

Where, when an action was tried in the Municipal Court, defendants' attorney, who had sole charge of the case, was actually engaged in the trial of a case in the City Court, and it was impossible to procure the testimony of several of defendants' material witnesses, the court erred in refusing an adjournment, and in directing the taking of an inquest as on default.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412; Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Abraham Schlesinger against Isaac Mendelson and another.  From a Municipal Court order denying defendants' motion to open their default, they appeal.  Reversed, and new trial ordered.

See, also, 129 N. Y. Supp. 44.

Argued before SEABURY, GUY, and BIJUR, JJ.

Feltenstein & Rosenstein (Moses Feltenstein, of counsel), for appellants.

Cohen Bros. (Alfred A. Walter, of counsel), for respondent.

PER CURIAM.  The defendants appeal from an order denying a motion to open their default.  The pleadings show that the items of work sued upon are numerous; the plaintiff's bill of particulars alone covering some 25 folios of items on which the action is based, and which are denied by the defendants.  At the time set for the trial one of the defendants' attorneys, who had sole charge of the case and

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

who was to try it, was actually engaged in the trial of an action in the City Court. It also appeared that it was impossible to procure the attendance of several of defendants' witnesses, whose testimony was material and important to the defendants. The court below refused, however, to grant an adjournment, and ordered an inquest, which was taken. Under the circumstances disclosed, the defendants' default should have been opened.

Order reversed, and a new trial ordered, with costs to appellant to abide the event, and motion to open default granted.